# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF EASTERN VIRGINIA
# NORFOLK DIVISION

MARTIN J. WALSH, Secretary of Labor,  )
U.S. Department of Labor,             )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )
                                      )   Civil Action No. 2:22-cv-237
HEAVENLY HANDS HOME                   )
HEALTHCARE, LLC                       )
d/b/a HEAVENLY HANDS                  )
HOME HEALTHCARE, and                  )
LAUREN WILSON, an individual          )
                                      )
           Defendants.                )
                                      )

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Heavenly Hands Home Healthcare, LLC d/b/a Heavenly Hands Home Healthcare ("Heavenly Hands") and Lauren Wilson (collectively, "Defendants") from violating the provisions of Sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), 15(a)(5) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "Act" or "FLSA"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §216(c), 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345. Venue is proper in the United States District Court for the Eastern District of Virginia because a

substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## FACTUAL ALLEGATIONS

### Parties

2.  Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to restrain violations of the FLSA, recover back wages and liquidated damages, and seek injunctive relief

3.  Section 11(a) of the FLSA empowers the Secretary to investigate the wages, hours and practices of employment, to enter and inspect such places of employment, to question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person or employer has violated any provision of the FLSA. 29 U.S.C. §211(a).

4.  Section 16(c) of the Act authorizes the Secretary to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under sections 6 or 7 of the Act, and to bring an action in court to recover such amounts and an equal amount of liquidated damages. 29 U.S.C. §216(c).

5.  Defendant Heavenly Hands Home Healthcare, LLC d/b/a Heavenly Hands Home Healthcare is a corporation duly organized under the laws of the Commonwealth of Virginia. Heavenly Hands registered address and principal place of business is 4425 Portsmouth Blvd., Suite 210E, Chesapeake, VA 23321, within the jurisdiction of this Court.

6.  Defendant Heavenly Hands provides home healthcare services in its customers' homes by employing certified nursing assistants ("CNAs") and personal care aides ("PCAs")

(together, "employees"). The CNAs and PCAs assist clients with activities of daily living such as cooking, aiding patients with bathing and feeding, washing dishes, and making the bed.

7. Defendant Lauren Wilson is, and at all times hereinafter referenced, the owner of Heavenly Hands and resides at 1521 Olde Mill Creek Dr., Suffolk, VA 23434. Lauren Wilson has directed employment practices and has directly or indirectly acted in the interest of Heavenly Hands in relation to their employees at all times relevant herein, including hiring and firing employees; supervising employees; and setting the hours and compensation of employees, and meets the definition of an employer under Section 3(d) of the Act. 29 U.S.C. §203(d). At all times relevant herein, Lauren Wilson has been responsible for making, keeping, and preserving records of Heavenly Hands' employees, including accurately recording regular work hours and pay separately from overtime work hours and pay.

### Defendants are an Enterprise Engaged in Commerce

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through a unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing home healthcare services to customers, in furtherance of the business purposes of Defendants' unified business entity.

9. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, that have been moved in or were produced for commerce. Specifically, the business receives gloves from Ontario, CA., and face masks from Ningbo China. Further, at all times relevant herein, Defendants have had annual gross volume

sales made or business done in an amount not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

10. At all times hereinafter mentioned, Defendants have been third party employers of the CNAs and the PCAs. These employees work directly for the Defendants and not for the consumers for whom they are providing these home services. These home services are considered "domestic service" as defined in 29 C.F.R. § 552.3 because they are "services of a household nature," performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

11. In a Settlement Agreement dated February 15, 2022, between the Secretary and Defendants, Defendants agreed that that they were an enterprise under Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r)–(s), and that the provisions of the FLSA applied to them.

## Investigation

12. On or about June 11, 2021, the Wage and Hour Division ("WHD") of the Department of Labor began an investigation into the employment and pay practices of Defendants under the FLSA ("the Investigation").

13. The Investigation covered the time period from July 10, 2019 to July 7, 2021.

14. During the Investigation, the WHD determined that that Defendants had violated Section 7 of the Act, 29 U.S.C. § 207, relating to overtime compensation for employees.

15. Defendants did not pay non-exempt employees one and one-half times their regular rate of pay when they worked in excess of 40 hours per week but rather paid straight time for all hours worked.

16.     Defendants also violated Section 11(c) of the Act, 29 U.S.C. § 211(c), by failing to create or maintain adequate and accurate records of the time their employees worked each day, or the total regular and overtime hours that their employees worked each week.

17.     The WHD determined that Defendants violated the overtime and recordkeeping provisions of the Act and owed certain employees who worked at Heavenly Hands back wages and liquidated damages for the time period from July 10, 2019 to July 7, 2021.

18.     On or about February 15, 2022, Heavenly Hands entered into a settlement agreement ("Settlement Agreement") with the Secretary to pay $413,382.28 in unpaid wages and liquidated damages that were owed to their current and former employees.

19.     The Settlement Agreement expressly provided that the Defendants "waive[s] any and all defenses based on the passage of time since the date of signing of this Agreement, or the date of signing of a Tolling Agreement which is currently in effect."

20.     Defendants represented to the Secretary in the Settlement Agreement that they were "currently in compliance with the applicable provisions of the Act as interpreted by the Secretary, and agree[d] that [they] will continue to comply in the future."

21.     Defendants further agreed in the Agreement that they "and any of [their] agents or anyone acting on [their] behalf will not, directly or indirectly, solicit or accept the return or refusal of any sums paid or due under this Agreement."

**Defendants' Kick back Scheme**

22.     In or around March 17, 2022, Defendants submitted thirty-seven (37) WHD standard forms ("WH-58 Forms") and copies of payroll statements purporting to show that they had paid the back wages to all current and former employees. The WH-58 Forms also stated that Defendants had not retaliated and would not retaliate against the employee, and that Defendants

5

had not asked and would not "ask the employee to return all or part of the payment." Upon information and belief, Defendants forged employee's signatures on the WH-58 Forms.

23. One or more Defendants' employees did not receive the back wages due in the Investigation. All employees who spoke to WHD confirmed that they did not receive any back wages from Heavenly Hands. At least 11 employees provided the WHD signed statements confirming non-receipt of payment.

24. Upon request by the WHD, Defendant Wilson could not provide cancelled checks for these employees, claiming that none had cashed their checks. On April 15, 2022, Defendant Wilson provided one cancelled check, but the WHD has not been able to reach the employee to confirm receipt of payment.

### Defendants' Retaliation Against Employees for Cooperating

25. Defendant Wilson, directly and through her agents, threatened and intimidated employees to falsify documents and/or forfeit, "kick back" or return compensation that they were owed, violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

26. Defendant Wilson asked at least one employee to falsely state on the WH-58 Form that they received back wages in full. In an attempt to convince this employee to make false statements, Defendant Wilson stated that the WH-58 Form was simply a "formality" to "get in compliance" with the Department. Defendant Wilson further pleaded that she needed employees to sign the WH-58 Form so that the Department will "get out of her hair." Even though this employee never signed the WH-58 Form, the Department is in receipt of a signed copy for them.

27. Defendant Wilson yielded her authority over another employee by telling them that Heavenly Hands would have to shut down if employees demanded their back wages.

Defendant Wilson made overt threats about the employee needing to find another job or "drag[ing]" Defendants to court to see any portion of their money.

28. As a result of Defendants' actions, many located employees who spoke with WHD investigators stated that wished to stay anonymous fearing they would suffer retaliation or loss of their employment.

## FIRST CAUSE OF ACTION
### (Obstructing the Secretary's Investigation in Violation of the FLSA, 29 U.S.C. § 211(a))

29. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

30. Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA, by, among other things:

  a. Providing false information to WHD;

  b. Creating false records by requiring employees to sign WH-58 Forms which effectively waive their rights and stating they are not owed any back wages or overtime pay;

  c. Refusing to provide records requested by WHD;

  d. Retaliating against employees for cooperating with WHD.

## SECOND CAUSE OF ACTION
### (Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))

31. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

32. Section 15(a)(3) of the FLSA provides, in relevant part, that it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because

such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3).

33. Defendants have violated and are violating Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating and discriminating against employees for engaging, or preparing to engage, in activity that is protected by the FLSA, by, among other things:

    a. Interrogating workers and requiring workers to create false records; and

    b. Coercing certain of their employees, through threats and intimidation, to kick back or forfeit compensation to which the employees were entitled under the FLSA

34. Defendants' conduct undermines the Secretary's ability to conduct a full investigation into Defendants' compliance with the Act.

35. Defendants' interference with the Secretary's investigation and the investigative provisions of the FLSA is willful and continuing.

## THIRD CAUSE OF ACTION

**(Willful Violation of Section 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime)**

36. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

37. Defendants willfully violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing individuals, including CNAs and PCAs, in an enterprise engaged in commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said individuals for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment

of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

38. For example: Since at least July 10, 2019 through at least July 7, 2021, Defendants failed to compensate non-exempt employees who worked over forty (40) hours in a workweek one and one-half times their regular rate. Defendants paid those employees straight time for all hours worked over forty (40) in a workweek. Defendants' practice of paying employees straight time for all hours worked over forty (40) in a workweek violated Sections 7 and 15(a)(2) of the Act.

39. Additionally, Defendants required their employees to sign a form waiving their entitled to the overtime premium of one-half time their regular rate for hours worked in excess of 40 hours in a workweek.

## FOURTH CAUSE OF ACTION
### Violations of Sections 11(c) and 15(a)(5)

40. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

41. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment, which they were to maintain as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make and keep adequate and accurate records of actual daily and weekly hours of work, overtime hours, and compensation. 29 C.F.R. § 516.2(a)(9).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

  A. An injunction issued pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants from violating the provisions of 7, 11(a), 11(c), 15(a)(2), 15(a)(3), 15(a)(5) of the Act; and

  B. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants from causing any employee to "kick back" or return any back wages or liquidated damages found due pursuant to this Complaint, or terminating or threatening to terminate any employee, or retaliating or discriminating against their employees in other way, based on their belief that such employees has cooperated with Department of Labor; and

  C. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, requiring Defendants to permit a representative of the Secretary to notify all current and former employees who received back wages and liquidated damages pursuant to the Agreement that they have the right to receive and keep the back wages and liquidated damages due to them; and

  D. An order awarding damages to Defendants' current and former employees in the amounts of the back wages and/or liquidated damages to the employees "kicked back" or returned to Defendants as a result of Defendants' retaliation in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3); or in the alternative, an order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from withholding the payment of any back wages due to Defendants' employees for the time period of the Investigation;

  E. An order awarding punitive damages for Defendants' retaliation against certain current and former employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

  F. For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after the filing of this Complaint, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

  G. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

  H. An order tolling the statute of limitations, 29 U.S.C. § 255(a), from the date that Defendants threatened employees and/or obstructed the Secretary of Labor's investigation;

  I. An Order awarding the Secretary all costs of this action; and

  J. An Order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor | Seema Nanda |
| Office of the Regional Solicitor | Solicitor of Labor |
| 201 12th Street South |  |
| Suite 401 | Oscar L. Hampton III |
| Arlington, VA 22202 | Regional Solicitor |
| (215) 693-9357 (voice) |  |
| (215) 693-9392 (fax) | Samantha N. Thomas |
| Kumar.Aditi@dol.gov | Associate Regional Solicitor |
|  | /s/ Ryma N. Lewis_____ |
|  | Ryma N. Lewis |
|  | Wage and Hour Counsel |
| Dated: June 1, 2022 | VSB No. 83322 |
|  | /s/ Aditi Kumar_____ |
|  | Aditi Kumar |
|  | Trial Attorney |
|  | NY Bar No. 5771928 |
|  | *Pro Hac Vice* application to be filed |
|  | Attorneys for Plaintiff |
|  | U.S. Department of Labor |