UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARTIN J. WALSH, Secretary of Labor,
U.S. Department of Labor,

    Plaintiff,

    v.

HEAVENLY HANDS HOME
HEALTHCARE LLC d/b/a HEAVENLY
HANDS HOME HEALTHCARE, and
LAUREN WILSON, an individual,

    Defendants.

Civil Case No. 2:22cv237

## DEFAULT JUDGMENT ORDER

For the reasons stated in the Court's separate order granting Plaintiff's Motion for Default Judgment, the Court finds as follows:

1. On June 1, 2022, Plaintiff Martin J. Walsh, Secretary of Labor filed a Complaint against Defendants HEAVENLY HANDS HOME HEALTHCARE LLC ("Heavenly Hands"), a corporation, and Lauren Wilson, individually.

2. Defendant Lauren Wilson is a not minor, an incompetent person, or a member of the military service of the United States.

3. Neither Lauren Wilson nor Heavenly Hands has filed an answer or responsive pleading in response to the June 1, 2022 Complaint.

4. On August 3, 2022, Plaintiff requested an entry of default.

5. On August 4, 2022, the Clerk entered Defendants' Default.

It is **ADJUDGED**, **ORDERED**, and **DECREED** that:

1. Between July 10, 2018 and July 11, 2022, Defendants willfully violated provisions of Sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA" or the "Act") and the regulations found in 29 C.F.R. Part 516.

2. Defendants willfully violated Sections 7 and 15(a)(2) of the FLSA by failing to pay employees not less than one and one-half times the regular rates of pay for all hours worked over 40 in a workweek between July 10, 2018 and July 11, 2022.

3. Defendants willfully violated Sections 11(c) and 15(a)(5) of the FLSA by failing to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Section 11(c) and found in 29 C.F.R. Part 516.

4. Defendants also violated Sections 11(a) and 15(a)(3) of the FLSA by retaliating against their employees and hindering the Secretary's investigation into Defendants' compliance with the FLSA.

It is further **ADJUDGED**, **ORDERED**, and **DECREED** that:

1. Defendants are jointly and severally liable for the payment of back wage compensation under Section 16(c) of the FLSA in the amount of $351,804.48, and liquidated damages in the amount of $351,804.48, plus interest, to the individuals listed in Revised Schedule A (ECF No. 31-1).

2. The provisions of this Judgment relative to back wage payments shall be deemed satisfied when Defendants deliver to Plaintiff's representatives a total of $703,608.96 as detailed in Exhibits 1 and 1-1 to Plaintiff's Motion for Default Judgment against Defendants (ECF No. 35-3) and incorporated herein by reference, within thirty (30) days of entry of this Order.

3. Defendants shall provide evidence to Plaintiff of any payments already made toward back wages or liquidated damages and that amount shall be deducted from the back wages and/or damages that Defendants still owe.

4. Defendants are directed to make payment of those back wages and liquidated damages as hereafter specified:

    a. Defendants may pay online by ACH transfer, credit card, or debit card by visiting https://www.pay.gov/public/form/start/77689032 or www.pay.gov.

    b. Defendants may pay by certified check, bank check, or money order made payable to "**Wage and Hour Division-Labor**" and mailed to:

    > U.S. Department of Labor
    > Northeast Regional Office, Wage and Hour Division
    > 1835 Market Street, 19th Floor, Mailstop WHD/19
    > Philadelphia, PA 19103-2968

5. Plaintiff, after making legal deductions, shall distribute the proceeds of the check, less any appropriate deductions for social security, federal income tax, and state income tax, to the employees or former employees listed in Revised Schedule A, or to their estates, if necessary. Any sums not distributed to the employees or former employees on Revised Schedule A, or to their estates,

because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c).

6. Neither Defendants nor anyone acting on their behalf or within their control shall directly or indirectly solicit or accept the return or refusal of any sums under this Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

7. Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest shall be, and hereby are, permanently enjoined and restrained from withholding the payment of back wages to the individuals listed in Revised Schedule A.

It is further **ADJUDGED**, **ORDERED**, and **DECREED** that:

1. If Defendants fail to make the payments set forth above, upon notice to Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Default Judgment.

2. In the event a Receiver is appointed:

    a. Defendants shall cooperate with the Receiver in all respects and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

  b. All the expenses of the accountant or Receiver shall be borne solely by Defendants.

  c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

  d. The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; analyze all indebtedness and where deemed appropriate seek restructuring; analyze all transfers of Defendants' assets; prevent waste or fraud; and do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest shall be, and hereby are, permanently enjoined and restrained from violating the provisions of 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA in the following manner:

1. Defendants shall not, contrary to Section 6 of the FLSA, pay to any of its employees who in any workweek are engaged in commerce, in the production of goods for commerce, or are employed in an enterprise engaged in commerce, or in the production of goods for commerce, as defined by the FLSA, wages of less than the applicable federal minimum wage.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, for workweeks longer than those prescribed by Section 7 of the FLSA, unless the employees receive compensation for their employment in excess of the maximum hours prescribed by the aforesaid sections at rates not less than one and one-half times the regular rates at which they are employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment they maintain.

4. Defendants shall not, in violation of Section 11(a) of the FLSA, obstruct the Secretary's attempts to investigate and gather data regarding the wages, hours and other conditions and practices of employment, and may not interfere with the Secretary's right to enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices or matters as he may deem necessary or appropriate to determine violations of any provision of the FLSA or which may aid in the enforcement of the provisions of the FLSA.

5. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the

employee engages in any of the following activities pursuant to Section 15(a)(3) of the FLSA:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by Defendants or another employer with whom there is a business relationship; or

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

\* \* \*

The Clerk is **REQUESTED** to please forward a copy of this Default Judgment Order to counsel for Plaintiff and to send a copy of this Order to Defendant Lauren Wilson at 4425 Portsmouth Blvd., Suite 110, Chesapeake, VA 23321.[1]

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 1, 2022
Norfolk, Virginia

---

[1] This is the address which Defendant Wilson submitted with her most recent filing. *See* ECF No. 39.

8